# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.R.**

**No. 18-1011** (Kanawha County 18-JA-216)

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.R., by counsel Adam Campbell, appeals the Circuit Court of Kanawha County's October 18, 2018, order terminating his parental rights to C.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Elizabeth G. Kavitz, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an improvement period and in holding an accelerated dispositional hearing without satisfying the requirements of Rules 31 and 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in failing to provide petitioner notice of a dispositional hearing. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In April of 2018, the DHHR filed a petition alleging that the mother's parental rights to her older children were previously terminated on the basis of substance abuse, failure to provide for the children, and failure to participate in services. The DHHR further alleged that she failed to remedy those conditions. The DHHR alleged that the mother attempted to evade West Virginia Child Protective Service workers by traveling to Tennessee to give birth to C.R. The DHHR alleged that petitioner called the authorities, disclosing that the mother was "losing her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

mind" and hiding in the woods with the three-month-old child.[2] According to the DHHR, the child was caked in mud when found and a hair was wrapped so tightly around one of the child's toes that the child required medical intervention.

The DHHR amended the petition in July of 2018 to include petitioner as a party as he was named as the father on the child's birth certificate. The DHHR alleged that petitioner's parental rights to other children were previously involuntarily terminated and that his circumstances since that termination remained unchanged.

On October 2, 2018, the circuit court held the adjudicatory hearing, and petitioner appeared, in person and by counsel. The DHHR presented testimony from petitioner's prior and current case worker that petitioner was ordered not to have contact with the mother in his prior case. The worker testified that petitioner and the mother had a history of failing to protect their children from harm and that the worker did not believe those circumstances had changed. The worker testified that she had not spoken with petitioner since the filing of this petition and that no services were offered to him. However, the worker explained that petitioner was offered services in the previous case, and he initially participated, but, ultimately, there was "no change or likelihood that that change would take place anytime in the near future."

Petitioner testified that the child was conceived in April of 2017, prior to the circuit court's termination of the mother's parental rights in the previous case. Petitioner testified that the day the child was removed, he picked up the mother and child and brought them to his home. He denied that the mother was hiding in the woods as alleged, rather that the police found her at his home. Petitioner testified that he would comply with services if offered by the DHHR and asserted that he would not test positive for illicit substances.

Following the presentation of evidence, the DHHR moved the circuit court to adjudicate petitioner as an abusing parent and to accelerate disposition and terminate his parental rights that day. The guardian joined in those motions. Petitioner argued that the DHHR failed to present evidence that his circumstances were unchanged. Petitioner objected to adjudication and termination of his parental rights, and he requested services. Ultimately, the circuit court granted the motion to adjudicate petitioner and to accelerate disposition. The circuit court found that petitioner failed to take responsibility for the actions which caused his prior termination of parental rights and that there was no reasonable likelihood that he would rectify the conditions of abuse or neglect in the near future. Further, the circuit court found that the best interests of C.R. required termination of petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its October 18, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review in cases such as this:

---

[2]Although petitioner was referenced as a "potential father" in the initial petition, he was not added as a respondent at that time.

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in her current foster placement.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in proceeding to disposition without his agreement and without properly providing him notice of the dispositional hearing. We agree.

Although the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provide that a circuit court may proceed to disposition immediately following adjudication, there are certain requirements that must be met. Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth as follows:

The disposition hearing immediately may follow the adjudication hearing if:

(1) All the parties agree;

(2) A child's case plan meeting the requirements of W. Va. Code §§ 49-4-408 and 49-4-604 was completed and provided to the court or the party or the parties have waived the requirement that the child's case plan be submitted prior to disposition; and

(3) Notice of the disposition hearing was provided to or waived by all parties as required by these Rules.

Further, Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth that "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Here, the circuit court noticed the October 2, 2018, hearing as an adjudicatory hearing in its preliminary hearing order.

We have previously held that

3

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). The record demonstrates that the circuit court proceeded to disposition without determining if the parties were in agreement or if notice of the hearing was waived. In fact, petitioner objected to termination of his parental rights and requested services as an alternative. By proceeding immediately to disposition in the case, the circuit court ignored Rules 31 and 32, as set forth above. We have previously held that notice of the dispositional hearing is mandatory and that an accelerated dispositional hearing may be held only when the conditions of Rule 32 are met. *See In re Travis W.*, 206 W. Va. 478, 483, 525 S.E.2d 669, 674 (1999) (holding that a circuit court's failure to comply with Rules 31 and 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was a substantial disregard of process and required remand). Accordingly, we find that because the circuit court substantially disregarded the process established by the rules, the resulting dispositional order must be vacated, and the case must be remanded for compliance with that process.

Petitioner also argues that the circuit court erred in denying his motion for an improvement period. Due to our decision to vacate the circuit court's final order, we decline to address this assignment of error at this time. However, we note that the circuit court's order terminating petitioner's parental rights provides no findings of fact or conclusions of law in its order to aid this Court in reviewing the denial of petitioner's request for an improvement period. Accordingly, upon remand, should the circuit court again deny petitioner's motion for an improvement period, we order the circuit court to make appropriate findings of fact and conclusions of law regarding the denial.

For the foregoing reasons, we vacate the dispositional portion of the circuit court's October 18, 2018, order, insomuch as it relates to petitioner's parental rights,[4] and remand this matter to the circuit court for the holding of a properly noticed dispositional hearing, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**:  April 19, 2019

---

[4]This memorandum decision vacates the circuit court's October 18, 2018, order as it relates to petitioner only and does not affect the rights of any other parties named in that order.

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison